# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Rajwinder Singh,**
Petitioner
-vs-
**Katrina S. Kane, et al.,**
Respondents

CV-10-2604-PHX-DGC (JRI)

**REPORT & RECOMMENDATION**
**On Motion to Dismiss**
**Petition for Writ of Habeas Corpus**
**Pursuant to 28 U.S.C. § 2241**

## I. MATTER UNDER CONSIDERATION

Petitioner, previously detained in the Immigration Detention Center in Eloy, Arizona, filed through counsel a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 30, 2010 (Doc. 1). Petitioner has now filed a Motion to Dismiss ("Notice of Voluntary Dismissal") (Doc. 20). Respondents have responded (Doc. 22). The motion is a dispositive motion, and accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

Petitioner, a native and citizen of India, entered the United States on February 27, 2000. (Exhibit 4, Record of Deportable Alien). (Exhibits to the Response, Doc. 14, are referenced herein as "Exhibit ___.") On January 15, 2001, Petitioner's purported wife filed for admission of Petitioner as a spouse of a U.S. Citizen. (Exhibit 6.)

On January 25, 2001, Petitioner's wife filed a Withdrawal (Exhibit 7) of the petition, asserting that the marriage was not valid. On January 26, 2011, a Notice to Appear (Exhibit

- 1 -

3) was issued, charging Petitioner with being removable on the basis of an illegal entry and his having obtained admission by fraud or willful misrepresentation. Petitioner's wife had admitted that their marriage was solely to permit Petitioner to enter the country, and that she had been paid to marry Petitioner. (Exhibit 4.)

**B. REMOVAL PROCEEDINGS**

Petitioner admitted some of the grounds of removability, and was ordered removed to India. Petition applied for asylum, withholding of removal, and relief under the Convention Against Torture, which were denied on June 23, 2005. (Exhibit 10, Removal Order.) Petitioner appealed to the Board of Immigration Appeals (BIA), who dismissed the appeal on August 18, 2006 (Exhibit 12). Petitioner then sought review by the Ninth Circuit Court of Appeals, who dismissed in part and denied in part. (Exhibit 14, Order 3/25/08.) The Court's Mandate was issued October 2, 2008. (Exhibit 15.)

Petitioner then filed a Motion to Reopen, which was denied by the BIA on December 23, 2008 (Exhibit 16). Petitioner sought review by the Ninth Circuit, who denied the Petition on October 22, 2009 (Exhibit 18) and issued its Mandate on December 15, 2009 (Exhibit 19)

Petitioner again filed a Motion to Reopen and a Motion to Stay, which were denied by the BIA on September 21, 2010 (Exhibit 21).

On February 9, 2010, U.S. Immigration and Customs Enforcement (ICE) requested travel documents from the Consul General for India (Exhibit 22). Petitioner was removed to India on June 24, 2011. (Notice, Doc. 18, Attachment, Warrant.)

**C. DETENTION PROCEEDINGS**

Petitioner was detained on January 26, 2001 (Exhibit 8, Not. Custody Determ.) but was ordered released on bond (Exhibit9, Notice).

On January 27, 2010, Petitioner was arrested in Sacramento, California, on charges of battery. Prosecution was declined, and Petitioner was taken into custody by ICE. (Exhibit 26, Custody Dec.)

Petitioner's custody status was reviewed by Immigration and Customs Enforcement in April, 2010 (Exhibit 24) and December, 2010 (Exhibit 25).

**D. PRESENT HABEAS PROCEEDINGS**

Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241on December 30, 2010, challenging his continued detention pending removal. On January 25, 2011, Respondents filed their Response (Doc. 14), asserting that Petitioner was properly detained. On February 14, 2011, Petitioner filed his Reply (Doc. 16), arguing that continued delay indicated his removal was not reasonably foreseeable. On May 24, 2011, Petitioner filed a Supplement (Doc. 17) arguing that his continued detention for 244 days called for his release.

On July 21, 2011, Respondent filed a Notice (Doc. 18) reflecting Petitioner's removal on June 24, 2011. Petitioner was ordered to show cause why the Petition should not be dismissed as moot. (Order 8/2/11, Doc. 19.)

In response, Petitioner filed through counsel a Notice of Voluntary Dismissal (Doc. 20), arguing the case had been rendered moot by his removal, and seeking to dismiss without prejudice. The Court construed this as a Motion to Dismiss, and ordered Respondents to respond. (Order 8/23/11, Doc. 21.) On August 31, 2011, Respondents filed their Response (Doc. 22) voicing no objection.

### III. APPLICATION OF LAW TO FACTS

The parties agree that the Petition should be dismissed on the basis that the Petition has been rendered moot by Petitioner's release upon removal. "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.* A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration detention.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. His release upon removal has resulted in the termination of any detention.

Petitioner's Motion ("Notice") purported to effect a dismissal without prejudice. "A dismissal for lack of jurisdiction [for mootness] is plainly not a determination of the merits of a claim. Ordinarily, such a dismissal is 'without prejudice.'" *Korvettes, Inc. v. Brous* 617 F.2d 1021, 1024 (3rd Cir. 1980). Respondents do not propose a dismissal with prejudice, and no basis for a dismissal with prejudice appears..

Therefore, the undersigned will recommend that the Petition be dismissed without prejudice.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case

arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Motion to Dismiss, filed August 18, 2011 (Doc. 20) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, filed December 3, 2010 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: October 25, 2011

                                          JAY R. IRWIN
                                         United States Magistrate Judge